UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL CARNEY,

    Plaintiff,

v.

C. WARNER, *et al.*,

    Defendants.

Case No. C08-5653 BHS/KLS

ORDER TO AMEND OR SHOW CAUSE

    This civil rights action was transferred from the Eastern District of Washington, Case Number CV-08-291-JPH by Order Granting Motion to Voluntarily Dismiss Complaint in Part and Directing Transfer of Remaining Claims to Western District of Washington of the Honorable James P. Hutton, U.S. Magistrate Judge. Dkt. # 5. In that Order, Plaintiff Paul Carney's motion to voluntarily dismiss his complaint against Defendant James Amburn was granted and his claims against the remaining Defendants Warner, Robinson and Jackson, regarding revocation of his DOSA[1] in the Western District of Washington, were transferred to this Court. *Id*. Mr. Carney is a prisoner at the Airway Heights Correction Center (AHCC), is proceeding *pro se,* and has paid the

---

[1] The Court assumes that Plaintiff's reference to DOSA is to the Drug Offender Sentence Alternative.

ORDER - 1

full filing fee in this action. Dkt. # 1.

**I. DISCUSSION**

Presently before this Court for review are Mr. Carney's claims arising in the Western District against Defendants Warner, Robinson and Jackson. Dkt. # 1. Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. V. Twombly*, 540 U.S. ___, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On the basis of these standards, Mr. Carney's allegations appear to fail to state a claim upon which relief can be granted.

ORDER - 2

Mr. Carney alleges that Defendants Warner and Robinson kept him in secured housing at the Larch Correction Center, in shackles for an undisclosed period of time, telling him to sign another treatment plan and contract. Dkt. # 1, pp. 3-4. Plaintiff alleges that they then "restricted and prevented [his] ability to participate in [his] medical treatment." *Id*., p. 4,

Mr. Carney alleges that he was ordered to sign a contract that would "restrict his First and Eight Amendment rights." He then alleges he was placed in Secure Housing for refusing to "sign away [his] rights." Mr. Carney states he received another 762 DOSA Revocation Infraction, but was transferred to another institution prior to the hearing in violation of his Sixth Amendment rights to confront witnesses and have an impartial judge and jury. *Id*., p. 5. Mr. Carney does not state whether he has received a revocation hearing or whether his DOSA has actually been revoked.

Mr. Carney alleges further that at the Washington Correction Center, Defendant Sheryl Jackson, the Hearing Officer, "was the Director of the Intetgrety Program for three (3) years," that she was "friends" with the other defendants, and was disingenuous at a "hearing by stating that she was learning about the program at the hearing." *Id*., p. 5.

Mr. Carney seeks compensatory, punitive, mental anguish and monetary damages. *Id*., p. 4.

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim.

ORDER - 3

*Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

In addition, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also* 28 U.S.C. § 1346(b)(2) (similar provision added to the Federal Tort Claims Act). This provision "requires a showing of physical injury that need not be significant but must be more than *de minimus*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

The Court cannot infer from the vague and conclusory statements contained in Mr. Carney's complaint that any of the named defendants have violated any of his constitutional rights. Mr. Carney states that he was kept in Secured Housing in shackles but does not identify the period of time he was held or why he was held. He complains that he was restricted from participating in his medical treatment, but does not identify the nature of his treatment or who restricted him from the treatment. Mr. Carney fails to identify the persons who ordered him to sign a contract that would "restrict his First and Eighth Amendment rights," does not identify the nature of the "contract" or allege how his constitutional rights were violated by the contract. Mr. Carney also fails to allege whether he has received a revocation hearing or whether his DOSA has been revoked. Mr. Carney also fails to allege how Defendant Jackson has violated any of his constitutional rights. Merely alleging that she was "disingenuous" at a "hearing" or that she was friends with the other defendants is insufficient to state a claim.

Mr. Carney also asks that the Court grant him compensatory damages for mental or emotional injury suffered without a prior showing of physical injury. As noted above, although mental and emotional distress damages are available as compensatory damages under § 1983, no

ORDER - 4

compensatory damages are to be awarded for the mere deprivation of a constitutional right. *See Carey v. Piphus*, 435 U.S. 247, 264 (1978). This provision applies to Plaintiff's allegations that his Eighth Amendment rights were violated. *See, e.g. Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998).

Due to the deficiencies described above, the Court will not serve the complaint. Mr. Carney may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed **no later than December 12, 2008**. Plaintiff's amended complaint shall consist of a short and plain statement showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C08-5653BHS/KLS must be written in the caption**. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

Plaintiff is cautioned that if an amended complaint is not timely filed or if Plaintiff fails to adequately address the issues raised herein **on or before December 12, 2008**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any

ORDER - 5

other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

Dated this  12th  day of November, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6