# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

PAUL CARNEY,

        Plaintiff,

v.

C. WARNER, et al.,

        Defendants.

No. C08-5653BHS/KLS

ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for appointment of counsel. Dkt. 25. Having carefully reviewed Plaintiff's motion, Defendants' response (Dkt. 28), and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

## I. DISCUSSION

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues

ORDER DENYING MOTION FOR COUNSEL - 1

involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under Section 1915(d). *Id*.

Plaintiff requests appointment of counsel because all the defendants are represented by counsel and because a jury trial has been requested. Dkt. 25. He also states that he has recently been released from prison and that Social Security is his only source of income. *Id*.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not demonstrated that the issues involved in this case are complex. Plaintiff's lack of legal training and resources are not exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants. Plaintiff has also not shown a likelihood of success on the merits. *See, e.g.*, *Wilborn*, 789 F.2d at 1331. Accordingly, Plaintiff's motion to appoint counsel (Dkt. 25) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED at Tacoma, Washington this 28th day of July, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 2