UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL CARNEY,

                Plaintiff,

v.

C. WARNER, *et al.*,

                Defendants.

No. C08-5653 BHS/KLS

ORDER RE-NOTING MOTION TO DISMISS AS MOTION FOR SUMMARY JUDGMENT

      Presently before the Court is the motion of Defendant Cindy Warner to dismiss all of Plaintiff Paul Carney's claims against her. Dkt. 30. Defendant Warner argues that Plaintiff's claims must be dismissed because they are time barred and because he has failed to state a claim. *Id.* In support of her motion, Ms. Warner relies on her declaration, with attached exhibits relating to Mr. Carney's participation in a chemical dependency program, and the declaration of Kiera Silva with attached exhibits, including Mr. Carney's medical records. Dkts. 31 and 32.

      "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, F.3d 903, 907 (9th Cir.2003) (citations omitted). However, the court may consider certain materials without converting the motion to dismiss into a motion for summary

ORDER - 1

judgment. *Id*. at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir.2000); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994)). Such materials include documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. *Id*.

Courts may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed.R.Evid. 201(b). A fact is not subject to reasonable dispute, and is thus subject to judicial notice, only where the fact is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). If matters of public record meet the requirements of Rule 201(b), then the court may consider the documents without converting the motion to dismiss into a motion for summary judgment. *Ritchie*, 342 F.3d at 909.

Where "matters outside the pleading are presented to and not excluded by the court," a rule 12(b)(6) motion is "treated as one for summary judgment and disposed of as provided in Rule 56," while allowing all parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). In transforming a dismissal into a summary judgment proceeding, the court must inform a plaintiff proceeding *pro se* that it is considering more than the pleadings and afford the opportunity to present all pertinent material. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). "If the pro se litigant is a prisoner, the district court's duties are even greater: 'The district court is obligated to advise prisoner pro se litigants of Rule 56 requirements.'" *Anderson*, 86 F.3d at 935 (quoting *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988)).

ORDER - 2

In this case, the court finds appropriate the conversion of Defendant's motion to dismiss to a Rule 56 motion for summary judgment. In so doing, the court advises Plaintiff of the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case [as to the claims and defendants addressed in the motion].
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant=s declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).

> Furthermore, Local Rule CR 7(b)(4) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposite on is without merit.

In converting this motion, the court stresses that both plaintiff and defendants should take the opportunity to present all arguments and material pertinent to a Rule 56 motion. Thus, the court hereby requests additional briefing from the parties.

Accordingly, it is **ORDERED:**

(1) Defendant Warner's motion to dismiss (Dkt. 30) is converted to a motion for summary judgment and shall be **re-noted** on the court's calendar for **January 8, 2010**.

ORDER - 3

(2) Defendants may submit any additional briefing and supportive material on or before **December 11, 2009**.

(3) Plaintiff shall respond **on or before January 4, 2010.**

(4) Defendants may submit a reply on or before **January 8, 2010**.

(5) The Clerk of the Court is directed to send copies of this Order to counsel of record and to Plaintiff.

DATED this  23rd  day of November, 2009.

*Karen L. Strombom* (signature)

Karen L. Strombom
United States Magistrate Judge

ORDER - 4